EPHRAIM BROWNE *vs.* LUCY COGSWELL & others.

Under a clause of a will giving a sum of money and several pieces of real estate, and concluding with these words: "All the aforegoing legacies to A. B., I give to him for his use only, during the term of his natural life," the legatee takes only a life interest in the pecuniary legacy; and the fact that he was appointed one of the executors of the will, and had the care of the most of the testator's personal property at the time when the will was made, is immaterial.

Under a clause of a will, giving "all my household furniture, wearing apparel, and all the rest and residue of my personal property, saving and excepting one feather bed," the legatees therein named take the whole residue of the testator's personal property, after the specific legacies, although no intention is expressed in the will to dispose of the

testator's whole estate, and the will in subsequent clauses gives various specific legacies in money, and although various collateral heirs at law of the testator, one of whom is nearer in degree than the legatees therein named, are not mentioned in the will.

HOAR, J. This is a bill in equity, in the nature of a bill of interpleader, in which the surviving executor of the will of Elizabeth Boardman asks for the direction of this court in the construction of the will and the discharge of his trusts as executor under the same. Two questions only are presented upon the pleadings and arguments of the parties, and they depend upon the construction to be given to the second and fourth clauses of the will.

By the fourth clause the testatrix gives to her brother, Moses Kinsman, the sum of one thousand dollars, and several pieces of real estate, concluding with these words: " All the aforegoing legacies to my brother Moses Kinsman, aforesaid, I give to him for his use only, during the term of his natural life." Moses Kinsman has deceased, and his administrator claims that the legacy of one thousand dollars belongs to his estate. It is agreed that most of the personal estate of the testatrix was in the possession and under the care of Moses Kinsman at the time when the will was made, and at the time of her decease; and he was made one of her executors. We can find in these facts no reason for exempting the pecuniary legacy from the limitation to a life estate of " all the aforegoing legacies " to him. The word " legacy," as it is usually understood, and in its legal import, belongs especially to a gift of personalty; and though its use in the plural shows that it was intended that the devises of real estate should be included, all the " legacies " to Moses Kinsman are expressly limited to him for life, and the legacy of a thousand dollars was certainly one of them. The language is too plain to leave any room for construction.

The more important and difficult question arises upon the residuary bequest in the second clause of the will, which is as follows:

" I give, bequeath and devise to my two nieces, Susan Elwell Smith, of, &c., and Abigail Boardman Kinsman Browne, of, &c.,

47 *

all my household furniture, wearing apparel, and all the rest and residue of my personal property, saving and excepting one feather bed, together with suitable bed-clothing for the same, which I give, bequeath and devise to my brother, Moses Kinsman, of Ipswich aforesaid. The receipt of the said legatees for the aforegoing legacy shall be a sufficient discharge to my executors."

Beside the legacy of one thousand dollars to her brother, Moses Kinsman, for his life, the will in subsequent clauses gives eight legacies in money, amounting together to $2700, and several specific legacies of real estate, among which are two to one of the nieces named in the second clause, and one to the other. The whole amount of the real estate, by the appraisement in the inventory, was $4260; and of the personal estate, $10,166. The real estate of which no devise was made was appraised at $1395.

It is contended on behalf of the next of kin of the testatrix,[*] that by the phrase " all the rest and residue of my personal property," in the bequest to the two nieces, she intended only property *ejusdem generis* with that which immediately precedes it in the description, *i. e.* household furniture and wearing apparel. This construction is supported by several reasons, each of which is entitled to some consideration. There is, in the first place, no intention expressed in the will to dispose of the whole estate. 2. The words of bequest are associated with a special description of a kind of property devoted to personal use, and contain an exception of one article of similar property. 3. The bequest of the general residue would be inconsistent with the subsequent specific legacies of parts of the personalty. And it is argued that on these reasons the case is brought within the principle of *Dole* v. *Johnson,* 3 Allen, 364, and the cases there cited.

It is to be observed of *Dole* v. *Johnson,* while we see no reason to question the correctness of that decision, that it was a

[*] The heirs at law of the testatrix, besides those mentioned in the will, were a sister, and several children of a deceased brother and sister.

case of great difficulty, by no means free from doubt, and which carried the doctrine upon which it rests as far as it can safely extend. A material circumstance in that case, which is wanting in the case at bar, was the fact that unless the expression " personal property" was held to exclude money and stocks, there was an inconsistent bequest to the same person of the same property in one clause for life or widowhood, and in the other absolutely. Here there is no legacy to the nieces of any personal estate except by the clause which contains the gift of the residue. There was also the use of the two phrases " personal property" and " personal estate" in the two conflicting clauses. Here there is no other inconsistency than in the residuary clause preceding instead of following the specific legacies. If the words " rest and residue of my personal property" are understood as meaning " the rest and residue of my personal property not herein specifically bequeathed," which is not a strained construction, there is no inconsistency whatever. If the phrase had been " and I make them my residuary legatees," the meaning would have been the same in substance, and perhaps no incongruity would have been suggested by the subsequent bequests in the will.

As was said in *Dole* v. *Johnson,* " the words ' rest and residue of my personal property' are undoubtedly sufficient in themselves to effect a complete disposition of the personal estate, and are such as are usually chosen for that purpose ; " and " the rule is unquestionably a sound one, that words of comprehensive import in a bequest should receive their full extent of operation, unless some very distinct ground can be derived from the context for regarding them as employed in a special and restricted sense." 1 Jarman on Wills, 700.

Upon the whole, although, as was said by Lord Eldon in *Hotham* v. *Sutton,* 15 Ves. 319, 326, it is very probable that the testatrix, if she were here, might decide the question differently, we are all of opinion that the express terms of the residuary bequest must prevail, and that the reasons shown for a more restricted construction are too slight and equivocal to furnish that evidence of intention which is allowed to control them

And see *Crichton* v. *Symes*, 3 Atk. 61, and *Fleming* v. *Burrows*, 1 Russ. 276.

*S. H. Phillips*, for the surviving executor.

*C. Kimball*, for the heirs at law.

*O. P. C. Billings*, for the residuary legatees.